THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE LYNNETTE MCKINNEY,

    Plaintiff,

vs.

Case No. 07-10652

HONORABLE PAUL V. GADOLA
HONORABLE STEVEN D. PEPE

WAYNE COUNTY DEPUTY H. FIELDS,
badge 2282; CITY OF HIGHLAND
PARK; and WAYNE COUNTY, jointly
and severally,

    Defendants.
_____/

### Order Granting Plaintiffs' Motion To Compel (Dkt. #20)

On August 6, 2007, Plaintiff filed her Motion To Compel answers to Plaintiff's First Set Of Interrogatories and First Request For Production Of Documents from Defendants Wayne County and Wayne County Deputy H. Fields (Dkt. #20). Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A) (Dkt. #21). A hearing was held on October 9, 2007, in which all unresolved issues were heard. For reasons stated on the record and indicated below, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

On or before October 24, 2007, it is **ORDERED** that:

1. **Interrogatory #8 & Request to Produce J**. Defendants Wayne County and Wayne County Deputy H. Fields shall provide Plaintiff with all citizen complaints or investigation requests concerning Deputy H. Field's pertaining to allegations of excessive force, retaliation, false arrest and/or lack of probable cause. Defendants are not required to produce complaints by persons challenging conduct that occurred while they were incarcerated. To

1

the fullest extent possible, Defendants shall also produce the name, address and phone number of the person or persons making each such complaint; the date upon which each such complaint occurred; the name or names of all deputies involved in said complaint whether a party to this lawsuit or not; whether said complaint or inquiry was investigated and; the result of such investigation.

2. **Interrogatory #10**. This interrogatory asks whether Deputy H. Fields has ever been terminated, suspended, removed, laid-off, reduced in rank, reprimanded, disciplined, or warned concerning any employment activities or conduct whatsoever. Defense counsel indicated the she believes the only such action contained in Deputy Fields' file relates to a transfer that she has already turned over to Plaintiff's counsel. Yet, defense counsel stated that she would review the personnel file to refresh and double check her recollection. In light of defense counsel's response, it is determined that Defendants Wayne County and Wayne County Deputy H. Fields will have sufficiently addressed the discovery request at issue in Interrogatory #10 if defense counsel provides Plaintiff with a declaration under 28 U.S.C. § 1746 or an affidavit that she has no further information concerning any disciplinary actions against Deputy Fields, or alternatively, provides Plaintiff any newly discovered documents germane to this interrogatory.

3. **Interrogatory #12**. This interrogatory asks Defendants to identify previous lawsuits in which Deputy Fields was a defendant. Defense counsel indicated that Deputy Fields was not able to recall or distinguish those cases in which he was a witness or appeared as a defendant. Moreover, although defense counsel has represented Deputy Fields in his personal capacity in past litigation, defense counsel stated that her firm does not keep files on clients that can be sorted by name, and she is therefore also unable to produce such information. In light of these surprising responses, it is determined that Defendants are not capable of providing further responses, and no further answer is required absent further order of this Court.

4. **Interrogatory #13 & Request to Produce F and G.** These discovery requests seek a copy of any and all rules, regulations, general orders, guidelines, policies and procedures, training bulletins, personal policies, or the like utilized by Wayne County that were in effect on the date Plaintiff was arrested which governed the actions, duties or obligations of its deputies. Defense counsel indicated that she has provided Plaintiff with a table of contents of the applicable manual. On or before October 16, 2007, Plaintiff's counsel shall provide defense counsel with those sections of the manual he wishes produced. Defense counsel indicated that the manual has undergone several updates/revisions since the conduct alleged in this lawsuit occurred. Accordingly, on or before October 24, 2007, defense counsel shall provide

Plaintiff with both the requested sections of the manual applicable at the time of the alleged incident, as well as any subsequent changes to such sections.

5. **Request to Produce H.** This discovery request seeks "any and all documents that mention, discuss, refer to, describe, or relate to Plaintiff." Defense counsel indicated that she has submitted all documents of which she is aware. Accordingly, no further response is required.

6. **Request to Produce L**. This discovery request seeks training materials provided to Wayne County Deputies by Defendant Wayne County, or Defendant City of Highland Park, regarding enforcement of City of Highland Park ordinances. Defense counsel indicated that she discussed this request with her client, the Deputy Chief, and training personal, and that there is no specific training given in regards to City of Highland Park ordinances. Accordingly, no further response is required.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: October 10, 2007  s/Steven D. Pepe
Flint, MI  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Karie H. Boylan, Thomas M. Loeb, Josephine A. Powell, and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants: William C. McConico, 12050 Woodward Ave., Highland Park, MI 48203

                                                    s/ James P. Peltier
                                                    James P. Peltier
                                                    Courtroom Deputy Clerk
                                                    U.S. District Court
                                                    600 Church St.
                                                    Flint, MI 48502
                                                    810-341-7850
                                                    pete_peliter@mied.uscourts.gov