THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICE LYNNETTE MCKINNEY,

        Plaintiff,                        Case No. 07-10652

vs.
                                          DISTRICT JUDGE PAUL V. GADOLA
                                          MAGISTRATE JUDGE STEVEN D. PEPE

WAYNE COUNTY DEPUTY H. FIELDS,
badge 2282; CITY OF HIGHLAND
PARK; and WAYNE COUNTY, jointly
and severally,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

     This lawsuit arises out of Defendant Wayne County Deputy H. Fields ("Deputy Fields") issuance of an appearance ticket to Plaintiff based upon her allegedly violating a Highland Park City Ordinance. On September 9, 2007, Defendants Deputy Fields and Wayne County ("the Wayne County Defendants") filed a motion petitioning the Court for entry of an Order of Dismissal, pursuant to Fed. R. Civ. P. 12 (b)(6), and/or for Summary Judgment in their favor, pursuant to Fed. R. Civ. P. 56(c), stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted and there is no question of fact (Dkt. #27). Defendants also argue that summary judgment is appropriate based upon the defense of qualified immunity. On October 29, 2007, Defendants' motion was referred for report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) (Dkt. #34). For the reasons indicated below, it is **RECOMMENDED** that

1

Defendants' motion be **DENIED**.

I. **BACKGROUND**

On September 16, 2006, at 3:09 am, Plaintiff was approached by four strangers who claimed to have just been robbed (Dkt. #1, Plaintiff's Complaint ¶¶ 13, 15). At the time, Plaintiff was sitting in her car on Six Mile Road near Brush in the County of Wayne (Dkt. #1, ¶ 14). Plaintiff called 9-1-1 and waited with the four women (Dkt. #1, ¶ 16).

Deputy Fields happened on the scene, advised Plaintiff and the women it was not his "run" [the incident occurred in Detroit], and began to drive away (Dkt. #1, ¶ 18-18, 24-25). As Deputy Fields was driving away, Plaintiff exclaimed, "This is bullshit." (Dkt #1, ¶ 27).[1] Upon hearing Plaintiff's statement, Deputy Fields stopped his patrol car, ordered Plaintiff out of her car, handcuffed her, placed her in his car, issued her a citation for "disorderly conduct,"and then released her (Dkt. #1, ¶¶ 29-33).

In Ms. Powell's affidavit (one of the four women who was robbed), she notes that when Plaintiff made this comment there were no other occupied cars in the area but for Ms. McKinney's and the Officer's; there were no houses or occupied buildings nearby; and that no one else could have heard her say it, except for perhaps the Officers in the scout car, as the passenger side windows of Plaintiff's car were closed, and the Deputies' car was not even a half car length away. Additionally, she noted that no one was disturbed by what Plaintiff said or acted like they were disturbed, except for Defendant Deputy Fields (Dkt. #33, Ex. 1, ¶¶ 14-16). Ms. Powell believed from the Defendant Deputy's conduct that it was apparent he did not like

---

[1] It should be noted that what Plaintiff stated is disputed in this case. *See* Dkt, #33, Ex. 2, which is a copy of the actual ticket written to Plaintiff by Defendant Fields where Defendant Fields claimed that the driver was yelling at him saying, "Fuck yall you nothig (sic) but a bitch."

being criticized by Plaintiff and his "demeanor got even worse" (Dkt. #33, Ex. 1, ¶ 17).

The misdemeanor ticket issued to Plaintiff was for "disorderly conduct" under the Highland Park City Ordinance 666.05(g), which states, in part, that "No person shall . . . use any indecent, insulting or immoral language "(Dkt. #1, ¶ 34). Plaintiff appeared in the 30th District Court and, on December 6, 2005, the ticket was dismissed (Dkt. #1, ¶ 37).

On February 13, 2007, Plaintiff filed her Complaint predicated on 42 U.S.C. § 1983, seeking to recover from Deputy Fields, the City of Highland Park and Wayne County for the alleged deprivation of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution (Dkt. #1, ¶¶ 40, 44-45).

## II. ANALYSIS

### A. The Legal Standards

(1) Legal Standard for Motions to Dismiss

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare

assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also*, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.) *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

4

(2) <u>Legal Standard for Summary Judgment</u>

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

5

(3) Qualified Immunity in Retaliatory Prosecution Claims

Defendants assert that because Deputy Fields had probably cause to arrest Plaintiff his claim of retaliation fails because under *Hartman v. Moore,* 547 U.S. 250 (2006) and *Barnes v. Wright,* 449 F.3d 709 (6th Cir. 2006), a plaintiff must assert that the alleged retaliatory arrest was without probable cause. They assert various statutes and ordinances they argue provided Deputy Fields a basis to arrest Plaintiff.

The Sixth Circuit in *Barnes v. Wright* notes:

> As a general principle, "[t]here can be no doubt that the freedom to express disagreement with state action, without fear of reprisal based on the expression, is unequivocally among the protections provided by the First Amendment." *McCurdy v. Montgomery County,* 240 F.3d 512, 520 (6th Cir.2001). "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 482 U.S. 451, 462-63, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).

*Barnes v. Wright*, 449 F.3d at 717.

Yet, while this Circuit formerly protected a person from a retaliatory arrest unless the officer could prove the arrest would have been made even in the absence of the protected speech and even if probable cause did exist, the Supreme Court in *Hartman v. Moore* changed that and now a retaliatory arrest claim fails unless the plaintiff pleads and proves lack of probable cause. Plaintiff in this case does assert her seizure and handcuffing were without probable cause (*See*, Dkt #1, ¶ 40).

Defendant Fields also asserts qualified immunity as a defense and seeks to stay discovery pending a resolution of his claim. The defense of qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

6

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006). While Deputy Fields has asserted the affirmative defense of qualified immunity, a municipality or county cannot claim immunity. "The United States Supreme Court has dictated that, unlike counties and municipalities, state governments, and their arms, officers, and instrumentalities, are generally immune from private lawsuit in federal court by virtue of the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264 (6th Cir. 1997), *cert. denied* 522 U.S. 914 (1997).

Once defendants satisfy their initial burden of demonstrating that they were acting within the scope of their authority, a plaintiff bears the burden of proving that defendants are not entitled to qualified immunity. *See Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006); *see also Wegener v. City of Covington*, 933 F.2d 390, 392(6th Cir. 1991). In determining whether a law enforcement officer is entitled to qualified immunity, a court must consider two sequential questions: (1) "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and (2) "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The issue of qualified immunity may be submitted to a jury only if "the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury." *Brandenburg v. Cureton*, 882 F.2d 211, 216 (6th Cir. 1989).

A right is "clearly established" for qualified immunity purposes if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Smoak*, 460 F.3d at 778; *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (This inquiry "must be undertaken in light of the specific context of the case, not as a broad

7

general proposition." *Saucier*, 533 U.S. at 201. If *no* reasonably competent officer would have taken the same action, then qualified immunity should be denied; however, "if officers of reasonable competence could disagree on [the legality of the action], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As the Supreme Court has explained, "[t]he concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier*, 533 U.S. at 205. Qualified immunity leaves government authorities "ample room for mistaken judgments." *Scott v. Clay County*, 205 F.3d 867, 873 n.9 (6th Cir. 2000) (citations omitted). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**B. Factual Analysis**

Under the standards articulated in *Twombly* and *Erickson*, Plaintiff has stated a constitutional claim and viewed in the light most favorable to Plaintiff, a reasonable officer would have known the arrest here was clearly without probable cause and was wrongful. In *Barnes* the Sixth Circuit noted:

> "Standards of decorum have changed dramatically since 1942, moreover, and indelicacy no longer places speech beyond the protection of the First Amendment." *Id.* In addition, police officers (and by analogy, conservation officers) "are expected to exercise greater restraint in their response than the average citizen." *Id.* Barnes's language may have been strong, but it is accorded the full protection of the First Amendment.

*Barnes v. Wright,* 449 F.3d at 718

If in an effort to protest the insensitivity of Deputy Fields to the four female robbery victims' pleas of "Please don't leave us," and to protest his neglect of his duty to provide them further assistance or comfort, Plaintiff yelled "This is bullshit," a reasonable officer would

8

recognize this colloquialism as a statement of disapproval similar to "This situation stinks." When made in reference to a deputy sheriff abandoning crime victims, it clearly would be protected speech. In addition, if yelled no louder than Plaintiff asserts such that she was surprised Deputy Fields was even able to hear it, a reasonable officer would recognize that this assertion of discontent with the asserted dereliction of duty by a state officer would not establish probable cause for any criminal charge and thus provide no right to arrest a person by restraining their freedom through handcuffing them (*See*, Dkt. #27, p. 14).[2] "[G]overnment officials in general, and police officers in particular, may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity." *Bloch v. Ribar*, 156 F.3d 673, 682 (6th Cir.1998) (quoting *Duran v. Douglas*, 904 F.2d 1372, 1378 (9th Cir.1990)). Thus, Plaintiff has pled an act by Deputy Fields that is unconstitutional – that she was arrested without probable cause – and its unconstitutionality was clearly established in September 2006.[3] Here there are disputed issues of material fact as to what was said and how loud it was expressed.[4]

---

[2] As noted above, Ms. Powell (one of the four women who was robbed) also notes that when Plaintiff made this comment there were no other occupied cars in the area but for Ms. McKinney's and the Officer's; there were no houses or occupied buildings nearby; and that no one else could have heard her say it, except for perhaps the Officers in the scout car, as the passenger side windows of Plaintiff's car were closed, and the Deputies' car was not even a half car length away. Additionally, she noted that no one was disturbed by what Plaintiff said or acted like they were disturbed, except for Defendant Deputy Fields (Dkt. #33, Ex. 1, ¶¶ 14-16).

[3] This September 2006 incident would be measured by the more constrained requirements for retaliatory arrests set by the Supreme Court earlier that year in *Hartman.*

[4] Courts will not grant immunity to a defendant if no reasonably competent peace officer would have found probable cause. *See Malley v. Briggs*, 475 U.S. 335, 341"[i]t is clearly established that arrest without probable cause violates the Fourth Amendment." *Klein v. Long*, 275 F.3d 544, 550 (2001) (quoting *Donovan v. Thames*, 105 F.3d 291, 297-98 (6th Cir.1997)). Where the reasonableness of an officer's actions hinge on disputed issues of fact, "the jury becomes the final arbiter of . . . immunity, since the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury." *Brandenburg v. Cureton*, 882

It may be that after further discovery or at trial, if needed, it will be determined that what was said and the volume of it were such that a reasonable officer would not clearly recognize that the behavior was protected and like the officers in *Saucier* Defendant Fields will be entitled to qualified immunity or a jury may find probable cause did exist for arresting Plaintiff, as was found in the *Barnes* case. But in *Barnes* the probable cause to seek the warrant was far clearer than in this case. In *Barnes* there was both a grand jury indictment and a criminal conviction for Barnes pointing a gun at the Defendant officer involved. Given the disputed issues of fact, this case is also not yet ready for summary judgment consideration.

> Fed. R. Civ. P. 12(b) states in pertinent part:
>
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Unlike a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint only. *Elliott Company Inc. v. Caribbean Utilities Company, Ltd*, 513 F.2d 1176 (6th Cir. 1975). Because the Wayne County Defendants have attached to their motion and rely upon portions of Plaintiff's testimony under oath, Defendants' motion must be treated as a motion for summary judgment.

Defendants make much of the suggestion that when Deputy Fields arrested Plaintiff, he might have arrested her for other portions of the Highland Park Ordinance (Dkt. #27, p. 12), or a Wayne County Ordinance (Dkt. #27, p. 13), or a Detroit City Ordinance (Dkt. #27, p. 14). Whether this is the case or not depends on the disputed specifics of what occurred on the early

---

F.2d 211, 215-16 (6th Cir.1989).

morning of September 16, 2006. Plaintiff has not conducted meaningful discovery in this case. The only deposition that has been taken is Plaintiff's. Apparently, when Plaintiff's counsel attempted to work with defense counsel in scheduling Deputy Field's deposition, and obtaining additional documentary discovery from the County, the present motion for summary judgment was filed (Dkt. #33, Ex. 3, Plaintiff's counsel's Rule 56 (f) Affidavit).

It is well-established that a plaintiff must receive "a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp*., 385 F.3d 713, 719 (6th Cir. 2004); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex*,] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

In this case, Plaintiff is the only eyewitness to the events complained of in this matter that has been deposed thus far. Defendant Fields, his partner, and the four women who were present with Ms. McKinney when she was arrested have not been deposed. Important material facts are in dispute in this case, including the underlying statement that led to the arrest. Plaintiff should have the opportunity to take the deposition of Deputy Fields and his partner regarding the events they observed which led Deputy Fields to arrest Ms. McKinney. Similarly, the four women who were present with Ms. McKinney when she was arrested are important witnesses. Plaintiff

11

should be given the opportunity to depose them.

As noted above, viewed in the light most favorable to Plaintiff, she has pled an arrest that was unconstitutional, and its unconstitutionality would be clear to any reasonable law enforcement officer. Accordingly, Deputy Fields would likely have to be deposed in regard to claims filed against either the City of Highland Park or Wayne County.

Because significant discovery has yet to occur, Defendants' motion for summary judgment is premature at this time. It is therefore **RECOMMENDED** that Defendants' motion be **DENIED**.

### III. RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Defendants' motion petitioning the Court for entry of an Order of Dismissal, pursuant to Fed. R. Civ. P. 12 (b)(6), and/or for Summary Judgment in their favor, pursuant to Fed. R. Civ. P. 56(c)be **DENIED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: January 30, 2008　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 30, 2008.

　　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298